UNITED STATES DISTRICT COURT

**FILED**

NOV 1 8 2010

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| JOHN P. BAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No.10 1977 |
| | ) |
| U.S. SENATE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The Court will grant the application, and dismiss the complaint.

Plaintiff alleges that the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") violates the United States Constitution by setting a time limit within which a prisoner must seek habeas relief. He demands an Order directing the Congress to repeal these measures and directing the United States District Court for the District of Arizona to review his habeas petition. Even if this Court were authorized to grant the relief petitioner demands and if the defendants were amenable to suit, his complaint must be dismissed.

The Supreme Court has held that the AEDPA "does not preclude [its review of] an application for habeas corpus relief, although it does affect the standards governing the granting of such relief," *Felker v. Turpin*, 518 U.S. 651, 654 (1996), and "[t]he added restrictions which the [AEDPA] places on second habeas petitions . . . do not amount to a 'suspension' of the writ contrary to Article I, § 9" of the United States Constitution, *id.* at 664.[1] Because the complaint

---

[1] "The privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. CONST. art. I, § 9, cl. 2.

fails to state a claim upon which relief can be granted, it must be dismissed. *See* 28 U.S.C. §

1915A(b)(1).

An Order accompanies this Memorandum Opinion.

United States District Judge

DATE: 8 November 2010